# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:20-cv-00469 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| CHRISTOPHER BONGIORNO, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff the Securities and Exchange Commission moves for partial summary judgment as to liability in this civil enforcement action against Defendant Christopher Bongiorno. (ECF No. 61.) For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### STATEMENT OF FACTS

In 2015, Defendant Jason Allan Arthur introduced Mr. Bongiorno to Paul Spivak, CEO of the company U.S. Lighting Group. (ECF No. 61-2, PageID #479.) Thereafter, Mr. Arthur, Mr. Bongiorno, and others contracted with USLG to solicit investors for the company. (*Id.*) Mr. Bongiorno introduced himself to Spivak as John Powers. (*Id.*) Using this alias, Mr. Bongiorno solicited investors to purchase USLG common stock, telling them the stock was a "good deal" because the company was poised to do "very well." (ECF No. 61-2, Page ID #590, #629 & #656; *id.*, PageID #668–69, #671–73 & #675–76.) Bank records reflect that these investments earned

Mr. Bongiorno over $400,000 in commission payments. (ECF No. 61-3, ¶ 8, PageID #737; *see also id.*, PageID #740–62.) Mr. Bongiorno was not a licensed broker or dealer with the Commission, nor was he associated with a licensed broker or dealer. (ECF No. 53, ¶ 3, PageID #389.) He did not tell the investors he solicited that he earned a forty to fifty percent commission on their investments. (ECF No. 61-2, PageID #668–69, #671–73 & #675–76.)

Also using the alias John Powers, Mr. Bongiorno solicited investments in Petroteq Energy, Inc. that earned him approximately $1,800,000 in commission payments. (*Id.*, PageID #671–73 & #675–76; ECF No. 61-3, ¶ 9, PageID #738.) As with USLG, Mr. Bongiorno made a commission of approximately forty percent on the investments he solicited but did not share that information with investors. (ECF No. 61-2, PageID #680–84; *id.*, Page ID #671–73 & #675–76.) Further, some of the investments were deposited in a shell company that Mr. Bongiorno controlled. (ECF No. 61-3, ¶ 10, PageID #738.)

Mr. Bongiorno invoiced USLG and Petroteq to obtain his commission payments. (ECF No. 61-2, PageID #589, #654 & #687.) Those invoices reflected services for "marketing" and "telecommunication," not commission payments on investments. (*Id.*, PageID #589 & #687.) At least one former USLG employee testified that these invoices intentionally concealed the nature of the company's payments to Mr. Bongiorno. (*Id.*, PageID #589.)

The summary-judgment record establishes the foregoing facts. During his testimony as part of the SEC's investigation of this and related matters,

2

Mr. Bongiorno declined to answer questions concerning his involvement in these solicitations, instead invoking the Fifth Amendment protection against self-incrimination. (*See generally* ECF No. 61-2, PageID #695–706.) For example, when investigators asked whether Mr. Bongiorno solicited investors to purchase USLG or Petroteq stock, Mr. Bongiorno invoked his Fifth Amendment rights. (*Id.*, PageID #696.) He also declined to answer interrogatories and requests for admission the SEC served on him in connection with this matter, instead invoking his Fifth Amendment rights. (*See id.*, PageID #721–724 & #727–32.) Additionally, the Commission propounded requests for admission that Mr. Bongiorno used the alias John Powers to solicit investors, and that John Powers was the name of at least one legitimate registered broker. (*Id.*, PageID #730–31.) In response, Mr. Bongiorno invoked his Fifth Amendment rights. (*Id.*)

## STATEMENT OF THE CASE

On February 28, 2020, Plaintiff the Securities and Exchange Commission filed this lawsuit alleging that Defendants violated several federal securities laws. (ECF No. 1.) Plaintiff seeks an order enjoining Defendants from violating federal securities laws and from soliciting any person or entity to purchase or sell securities. (*Id.*) The Commission also seeks disgorgement and civil penalties. (*Id.*) Plaintiff amended on October 28, 2020. (ECF No. 24.) The amended complaint adds factual allegations but asserts the same claims and seeks the same remedies as the original complaint. (*Id.*)

On January 23, 2023, Plaintiff moved for partial summary judgment against Mr. Arthur, to which he consented. (ECF No. 60; ECF No. 60-1.) The Court entered that partial judgment, as amended, on February 7, 2023. (ECF No. 64.) The judgment addressed only Mr. Arthur's liability and injunctive relief against him. (*Id.*) It left the question of disgorgement and civil penalties against Mr. Arthur and the claims against Mr. Bongiorno to be decided. On January 25, 2023, Plaintiff filed a partial motion for summary judgment as to Mr. Bongiorno's liability for the securities law violations asserted in the amended complaint. (ECF No. 61.) Mr. Bongiorno filed a response to the motion in which he consented to the entry of judgment as to liability against him and requested a hearing on the question of remedy. (ECF No. 66.) Specifically, Mr. Bongiorno objects to any remedy that enjoins him from soliciting any person or entity to purchase or sell securities. (ECF No. 66, ¶ 3, PageID #793.)

## ANALYSIS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court must view evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

On a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential

4

element of the claim or defense at issue. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n.12 (6th Cir. 1989); *Chappell v. City of Cleveland*, 584 F. Supp. 2d 974, 988 (N.D. Ohio 2008). After discovery, summary judgment is appropriate if the nonmoving party fails to establish "an element essential to that party's case and upon which that party will bear the burden of proof at trial." *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322). Then, the nonmoving party must "set forth specific facts showing there is a genuine issue for trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

Defendant points to no facts in the record that create a genuine dispute of material fact as to his liability for Claims I, II, and III. (ECF No. 66.) In fact, he "consents to the entry of judgment as to the liability alleged" in the amended complaint. (*Id.*, ¶ 1, PageID #792.) And he admitted early on in this case that he was not registered with the Commission as a broker or dealer or associated with someone registered with the Commission as a broker or dealer. (ECF No. 53, ¶ 3, PageID #389.) In addition, Mr. Bongiorno's invocation of the Fifth Amendment permits the

5

Court to infer that his testimony would have been unfavorable to him. *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). Upon an independent review of the record, the Court finds that summary judgment in favor of Plaintiff is appropriate as to Claims I, II, and III.

Defendant opposes only "the relief sought by the SEC." (*Id.*, ¶ 3, PageID #792–93.) Specifically, he opposes the Commission's proposal that he be "permanently restrain[ed] and enjoin[ed] . . . from directly or indirectly . . . soliciting any person or entity to purchase or sell any security." (*Id.*, PageID #793.) Consistent with Mr. Bongiorno's response to the Commission's motion for a partial summary judgment, the Court **GRANTS** Plaintiff's partial motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment as to Mr. Bongiorno's liability on Claims I, II, and III of the amended complaint. By separate Order, the Court will schedule a status conference to address Mr. Bongiorno's request for a hearing and the balance of the case.

**SO ORDERED.**

Dated: April 10, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio